UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHLAND INSURANCE COMPANY,

          Plaintiff,

   v.

ASIAN PERFORMING ARTS THEATER, et al.,

          Defendants.

CASE NO. C01-1818JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion from Plaintiff Northland Insurance Company ("Northland") seeking discharge from this interpleader action and attorneys' fees and costs (Dkt. # 89). For the reasons stated below, the court GRANTS Northland's motion in part and DENIES it in part.

## II. BACKGROUND

Northland is the insurance carrier for a rental car agency whose van was involved in a serious accident in February 2001. The maximum payment under the applicable policy was $100,000. Because the van carried numerous passengers, two of whom suffered fatal injuries, Northland initiated this interpleader action under 28 U.S.C. §

ORDER – 1

1335 and Fed. R. Civ. P. 22. It deposited $100,000 into the registry of the court, and began the process of serving the Defendant-Claimants.

Service was unusually complicated, as many of the van's passengers were Chinese citizens traveling to Washington as part of a dance troupe. Northland endeavored to serve as many of the dancers and their families as it could. A series of twists and turns in the process of identifying potential Claimants have delayed the resolution of this action for more than four years.

Now, Northland declares that it has served as many potential claimants as it can. It thus asks to be discharged from this litigation and to recover its costs and attorneys' fees incurred over the past four years.

### III. ANALYSIS

Northland's motion raises two issues. First, the court must determine whether to discharge Northland from this litigation, and whether to award it attorneys' fees and costs. Second, the court must begin the process of moving this action to a final resolution.

**A.    The Court Discharges Northland and Awards Attorneys' Fees.**

The Defendant-Claimants who have responded to Northland's motion agree that the court should discharge Northland, but they object to Northland's request for nearly $18,000 in attorneys' fees and costs. The Claimants note that this figure is nearly 18% of the interpleaded funds, and that given the number of potential claimants, any reduction in the money available for distribution to injured parties would be unjust.

The court has substantial discretion in awarding attorneys' fees in an interpleader action. Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962). In exercising that discretion, the court must ensure that its attorneys' fee award does not unjustly deplete the fund available to injured parties. Trs. of Dirs.

ORDER – 2

Guild of Am. Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 427 (9th Cir. 2000) (hereinafter "DGA"), amended by 255 F.3d 661 (9th Cir. 2000).

In this case, the court has reviewed Northland's request for attorneys' fees and finds that a reduction is appropriate. In reducing the fees, the court emphasizes that it does not fault Northland's efforts, but finds that it better serves the interests of justice to preserve funds for the injured parties rather than to divert them to Northland. As other courts have recognized, the costs of administering an interpleader action are, in effect, an insurance company's costs of doing business. E.g., Fidelity Bank v. Commonwealth Marine & General Assur. Co., 592 F. Supp. 513, 527 (E.D. Pa. 1984). The court can reduce attorneys' fees rather than forcing Claimants to bear these costs. Law Offices of Jonathan Stein v. Cadle Co., No. CV 97-5551 SVW (Jgx), 1999 U.S. Dist. LEXIS 14162, at *5 (C.D. Cal. August 25, 1999). Northland seeks $13,910.50 in attorneys' fees. The court awards $7,000. See DGA, 234 F.3d at 427 (reviewing cases where court substantially reduced fees).

As to Northland's request for $3,227.52 in costs, the court is without a sufficient evidentiary record. The only evidence before the court are monthly invoices from Northland's counsel for attorneys' fees and "disbursements." The court has no means of determining whether the "disbursements" are costs that it should properly award in this action. The court thus declines to award costs, in part because of the insufficient evidentiary record, and in part out of its preference for preserving interpleaded funds for the claimants.

**B.     Claimants Must Begin the Task of Resolving This Action.**

After four years, this action must now move to its second phase: determining how to divide the interpleaded fund among the Claimants. In its motion, Northland proposes that all Claimants shall submit a claim to the court within 30 days of this order.

ORDER – 3

None of the Claimants oppose this request. The court thus directs all Claimants to file a specific claim to the interpleaded fund by November 14, 2005. By November 21, 2005, Claimants or their counsel shall meet and confer to discuss the possibility of a stipulated distribution of the fund. If Claimants are unable to stipulate to a distribution, they shall file a joint statement with the court no later than December 12, 2005. The joint statement shall summarize the Claimants' disputes and shall state the Claimants' proposals for a means of resolving them.[1]

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Northland's motion for discharge (Dkt. # 89), awards Northland attorneys' fees of $7,000, and orders the Claimants to begin resolving this action in the manner described above. The clerk shall dismiss Northland from this action.

Dated this 13th day of October, 2005.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[1] The Claimants may, for example, agree that the court should resolve their disputes after submitting evidence in support of their claims, or after an evidentiary hearing, or after a trial or trial-like proceeding.

ORDER – 4