UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHLAND INSURANCE COMPANY,

        Plaintiff,

    v.

ASIAN PERFORMING ARTS THEATER, et al.,

        Defendants.

CASE NO. C01-1818JLR

ORDER

    The court has received the parties' amended stipulation regarding the allocation of the remaining interpleaded funds in this action (Dkt. # 109), and has considered the request of Northland Insurance Company ("Northland") that it receive all interest that has accrued on those funds during the pendency of this action (Dkt. # 110).

    The court turns first to Northland's request. In October 2005, Northland moved the court to discharge it from this action and to award it attorneys' fees and costs. Nowhere in its motion did Northland make a claim to accrued interest on the interpleaded funds. The court granted Northland's motion (although it did not award all fees and costs requested) and ultimately entered judgment for Northland. Northland offers no authority for the proposition that a party can request judgment, receive judgment, and then re-enter an action to make a claim on funds. Even if the court were to overlook the final judgment that disposes of Northland's claims in this action, interest on interpleaded funds belongs to successful claimants, not to the stakeholder. Webb's

ORDER – 1

Fabulous Pharms., Inc. v. Beckwith, 449 U.S. 155, 162 (1968) ("The usual and general rule is that any interest on an interpleaded and deposited fund follows the principal and is to be allocated to those who are ultimately to be the owners of that principal."). The court declines to award any accrued interest to Northland.

The remaining claimants have stipulated to a division of the $79,101.82 in interpleaded principal funds, as well as the accrued interest. The court GRANTS the stipulation (Dkt. # 109). The court also VACATES its prior order regarding the disbursement of the funds (Dkt. # 107).[1] The clerk is authorized and directed to draw checks on the funds on deposit in the registry of the court payable as follows:

$47,927.79, plus 60.59% of all accrued interest, minus any statutory user's fees, payable to Cai Rang Zha Xi, Zhi Xin Ma, and Xiao Wu in the form of a check payable to the Law Office of Daniel P. Mallove, PLLC, in Trust for Cai Rang Zha Xi, Zhi Xin Ma, and Xiao Wu (Tax I.D. No. 91-2011683). The clerk shall mail or deliver the check to:

    Law Office of Daniel P. Mallove
    2003 Western Ave.
    Suite 400
    Seattle, WA 98121

$ 31,174.03, plus 39.41% of all accrued interest, minus any statutory user's fees, payable to Tao Yong in the form of a check payable to Amos R. Hunter in Trust for Tao Yong (Tax I.D. No. 91-1849512). The clerk shall mail or deliver the check to:

    Amos R. Hunter
    316 W. Boone Ave.
    Suite 800
    Spokane, WA 99201

---

[1] The prior order did not contain instructions to the clerk for disbursing accrued interest, nor did it contain tax identification numbers for the recipients of the disbursed funds.

ORDER – 2

The clerk shall notify the court when the interpleaded funds have been disbursed as described above.  At that time, the court will dismiss all claims in this matter with prejudice and without costs.

Dated this 17th day of May, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 3